## LEWIS v. LEWIS.

No. 2850.   Opinion Filed September 23, 1913.

(135 Pac. 397.)

1. **DIVORCE—Appeal.** That part of section 4971, Rev. Laws 1910, requiring that a party desiring to appeal from a judgment of the district court granting a divorce must, within ten days after such judgment is rendered, file a written notice in the office of the clerk of such court, duly entitled in such action, stating that it is the intention of such party to appeal from such judgment, and requiring, further, that the proceedings in error be commenced within four months from the date of the decree appealed

from, and not thereafter, applies only where it is sought to appeal from a judgment granting a divorce, and not where the appeal is prosecuted from an order awarding alimony or making a division of property in divorce proceedings.

2. HUSBAND AND WIFE—Permanent Alimony—Defense—Prior Adjudication. Where, in a suit for alimony, brought by the wife under authority of section 4975, Rev. Laws 1910, the court awards to her the right to occupy and cultivate a certain one-half of the husband's homestead, and where, thereafter, the wife brought suit for divorce and alimony or division of property, the former decree cannot be pleaded in bar of plaintiff's rights to recover permanent alimony, or to have the homestead divided.

3. SAME—Separate Maintenance. Section 4975, Rev. Laws 1910, provides a remedy to the wife whereby the husband may be compelled to discharge his marital duty to support and make provision for her needs. It contemplates the continuance, rather than the dissolution, of the marriage ties, and makes provision for the enforcement of the attendant obligation of support during the period of liability and delinquency.

4. SAME. Ordinarily a decree for alimony, where no divorce is sought, contemplates the present needs of the wife alone, while, where a divorce is sought, the annulment of the marriage relation is brought about, and the future support of the wife considered and determined.

(Syllabus by Sharp, C.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by Hulda J. Lewis against Harry C. Lewis for divorce and alimony. From that part of the decree awarding alimony, defendant brings error. Affirmed.

*Stevens & Myers* and *T. B. Orr,* for plaintiff in error.

*L. P. Ross,* for defendant in error.

Opinion by SHARP, C. The motion of defendant in error to dismiss the appeal should be overruled. It assigns the following grounds: (1) That no notice of appeal was filed in the office of the clerk of the district court within ten days from the rendition of judgment; and (2) that proceedings in error were not commenced within four months from the date of the decree appealed from. No appeal from the decree granting defendant in error a divorce has been attempted. The appeal only seeks a reversal of that portion of the court's decree awarding alimony

to the defendant in error.   Section 4971, Rev. Laws 1910, pro-
vides that a party desiring to appeal from a judgment granting
a divorce must, within ten days after such judgment is rendered,
file a written notice in the office of the clerk of the court, duly
entitled in such action, stating that it is the intention of the
party to appeal from such judgment.   If notice be filed as afore-
said, the party filing the same may commence proceedings in
error for the reversal or modification of such judgment at any
time within 'four months from the date of the decree appealed
from, and not thereafter.   It is thus seen, from the unmistakable
language employed, that the statute applies only to appeals taken
from a decree granting a divorce, and not a decree awarding
alimony or ordering a division of property.   The exact question
was decided by the Supreme Court of Kansas in *Kremer v.
Kremer,* 76 Kan. 134, 90 Pac. 998, where it was held that, in
an action for divorce, where dissolution of the marriage is granted
by reason of the fault of the defendant, and an order dividing
the property is made, the decree of divorce and the judgment or
order of division are so far distinct and independent that the
plaintiff may ask for a new trial only as to such division, and
upon the overruling of the motion may ask for a review thereof
on appeal, and that in such cases the appellant, not appealing from
the judgment of divorce, need not give the notice, nor commence
the proceedings in error in compliance with section 647 of the
Code of that state.   The section of the statute there construed is
similar to section 4971, *supra.*   The motion to dismiss should be
overruled.

Plaintiff's action for divorce and alimony was filed on the
2d day of September, 1909.   Prior thereto, and on the 13th day
of September, 1906, she had filed in the district court of Co-
manche county an action for alimony, pursuant to the provisions
of section 6184, Comp. Laws 1909 (section 4975, Rev. Laws 1910).
As a result of said original action, a decree was entered on the
25th day of March, 1908, directing that defendant pay to plain-
tiff the sum of $263, and further ordering that plaintiff be al-
lowed to occupy and cultivate the north half of the southwest
quarter of section 11, township 1 north, range 12 west, located

in said county, and that defendant be restrained and enjoined from disturbing or interfering with her in the possession, use, or cultivation, of said land. This judgment defendant pleaded in bar of plaintiff's right to recover alimony in the present case. The only question, therefore, remaining for our consideration is whether the judgment rendered in the former case is *res adjudicata* in the subsequent suit.

Section 6184, *supra,* is a statutory grant of authority, authorizing the bringing of an action for alimony alone, and is based upon the liability of the husband for the support of his wife, and the gist of which is the duty of the former to support the latter. The court may grant alimony in such causes, where it is proven that any of the causes exist for which a divorce may be granted. Involving, as it does, the marital relations of the parties, in some of its aspects it resembles a suit for divorce. Proof of marriage, the wife's needs, and the husband's neglect and ability to support are all material facts to be proved. This statute does not contemplate a termination, but rather a continuance, of the relation of husband and wife; at least of the marital obligation of the husband to support his wife during the period of their married life. Though the husband and wife may live separate and apart, the obligation of the husband to support the latter during coverture continues, unless for the fault of the wife. Nelson on Marriage & Divorce, secs. 1002, 1003. A decree of divorce, accompanied by an order directing the payment of alimony, on the other hand, ends the marriage relation, though it may provide for the support of the wife after legal separation. A decree ordering the payment of alimony considers a condition often temporary in its duration; one that may end at any time, either by the reconciliation of the parties, or the voluntary discharge of duty by the husband. But where a divorce is granted, the ultimate relations of the parties, both as regards their marriage status and property rights, are determined. Our views of the law find expression in *Gilbert v. Gilbert et al.,* 83 Ohio St. 265, 94 N. E. 421, 35 L. R. A. (N. S.) 521, where in this connection it was said by the Supreme Court of that state:

"The original proceedings in Cuyahoga county was for alimony alone, while that in South Dakota, as finally submitted, is one for divorce and alimony. And in considering the original decree in Cuyahoga county in connection with that in South Dakota, it must be noted that alimony, in a suit for alimony alone, is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by all its mutual obligations; that they may become reconciled; and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties, and fixes the amount and the mode of payment of any money or property allowance to the wife. And when there is a divorce in a proceeding in which the wife is in court asserting her rights and asking for affirmative relief, she is concluded by the decree in that proceeding."

At the time the original action was tried, the defendant had not proved up on his homestead. After the decree in the alimony suit, and before the institution of the suit for divorce, final proof had been made. The original decree, in so far as the land is affected, provided only that the wife should be allowed to occupy and cultivate the north half of the quarter section upon which defendant had made homestead entry. The decree did not attempt to pass any title, or to fix any time limit to the wife's right of use and occupancy. It simply afforded her a means whereby, during the continuance of the neglect of her husband to discharge his marital duty, she could be provided for. By the decree this right of occupation was converted into an absolute title. This, under the statute (section 4975, Rev. Laws 1910), the court had full right and authority to make. *Osman v. Osman,* 86 Kan. 519, 121 Pac. 327; *Bacon v. Bacon,* 43 Wis. 197.

The court properly denied the defendant's plea of *res adjudicata.* It would indeed be a dangerous doctrine to announce that a decree, in a suit for alimony alone, could be pleaded in bar by an erring husband in a subsequent suit against him by the wife to obtain a divorce and permanent alimony. Ordi-

narily a decree for alimony, where no divorce is sought, contemplates the present needs alone, while in cases where a divorce is sought, the annulment of the marriage relations is brought about, and the future support of the wife is considered and determined. *Johnson v. Johnson,* 57 Kan. 343, 46 Pac. 700. While the actions are essentially of a kindred nature, both involving the failure of the husband to discharge a duty owing by him, and although the statute provides that the wife may obtain alimony from the husband for any ground for which a divorce may be granted, yet the one contemplates temporary relief, while the other finally determines the ultimate claim of the wife. An order of the court awarding alimony, where the marriage relation continues, and where provision for temporary support only is made, may not, therefore, properly be·pleaded as a former adjudication in a subsequent action brought by the wife to recover divorce and ·permanent alimony.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.