JOHN B. TURNER,
SUMMERS HARDY, } Justices.
CHAS. M. THACKER.

---

## DRUMMOND v. DRUMMOND *et al.*

No. 7822. Opinion Filed January 11, 1916.

(154 Pac. 514.)

1. **ACTION—Commencement—Filing of Petition—Summons.** Under section 3931, Stat. 1893 (section 4703, Rev. Laws 1910), where the summons in an action for divorce is in due time served, the court acquires jurisdiction of the res or subject-matter of the action as of the date of the filing of the petition and issuance of summons thereon by virtue of the doctrine of relation.

2. **PROHIBITION — Right to Remedy — Maintenance of Divorce Suits—Conflicting Jurisdiction.** Where a husband commenced action for divorce against his wife in the district court of a county, and thereupon said wife commenced action for divorce and incidental relief against him in the district court of another county, and it does not appear that there is or will be any

sharp and intolerable conflict of jurisdiction between said courts against which there is no adequate remedy at law, the writ of prohibition will not issue to prevent the latter court from exercising jurisdiction.

(Syllabus by the Court.)

Original application by Lee Drummond for writ of prohibition to prevent the district court of Oklahoma county from exercising jurisdiction in a divorce suit commenced by Bessie Drummond against applicant after divorce suit commenced by him against her in another county. Writ denied.

*L. A. Williams* and *Stuart, Cruce & Cruce,* for plaintiff.

*Harold Lee* and *G. A. Paul,* for defendant.

THACKER, J. This is a case in which this court is petitioned by Lee Drummond for a writ of prohibition to prevent the district court of Oklahoma county from exercising jurisdiction in an action for divorce and incidental relief, commenced by his wife, Bessie Drummond, therein, on the third day after he had commenced an action for divorce against her in the district court of Okmulgee county.

It appears that on October 18, 1915, the plaintiff here duly filed his petition and thus commenced his action in Okmulgee county and caused summons to be duly issued to Oklahoma county, where his wife, Bessie Drummond, then resided. This summons was returned "not served," and no service was obtained upon her until an alias summons, sisued on October 28, 1915, was served upon her on November 3, 1915. In the meantime, to wit, on October 21, 1915, she commenced her said action against him in Oklahoma county, where she then resided, and caused

summons then issued therein to be served on him on October 23, 1915.

The plaintiff here filed in the district court of Oklahoma county an application to dissolve an injunction that had been issued therefrom restraining him from disposing of any of his property pending her action in that court, and also filed a motion to set aside the order allowing her alimony *pendente lite,* both upon the ground that said court had no jurisdiction of her said action because of the pendency of the prior action commenced by him in the district court of Okmulgee county, which application and motion were overruled before plaintiff filed his petition in this court for a writ of prohibition.

There can be no question but that the action in the district court of Okmulgee county was the first commenced (section 3931, Stat. 1893; section 4703, Rev. Laws 1910), and, summons having been served in due time so as to perfect the jurisdiction of that court, the same must be, by relation, regarded as prior to that of the district court of Oklahoma county. *Chicago, K. & W. Ry. Co. v. Board of Commissioners of Chase County,* 42 Kan. 223, 21 Pac. 1071. Also, see 1 Modern American Law, sec. 36, p. 231; 7 R. C. L., sec. 106, pp. 1068, 1069; *Farmers' L. & T. Co. v. Lake St. El. Ry. Co.,* 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667; *Heidritter v. Elizabeth Oil Cloth Co.,* 112 U. S. 294, 5 Sup. Ct. 135, 28 L. Ed. 729; *Wells v. Montcalm Circuit Judge,* 141 Mich. 58, 104 N. W. 318, 113 Am. St. Rep. 520. This would be true even if section 3892, Stat. 1893 (section 4659, Rev. Laws 1910) was applicable, which does not appear. *Kelly-Goodfellow Shoe Co. v. Todd,* 5 Okla. 360, 49 Pac. 53; *Raymond v. Nix, Halsell & Co.,* 5 Okla. 656, 49 Pac. 1110.

In 1 Modern American Law, 205, it is said:

"Divorce is *in rem* because the status of one or both parties is thereby changed, and the judgment binds the world."

And if the *res*, though intangible, was first impounded, so far as susceptible of being impounded, by the district court of Okmulgee county, it would seem to follow that to the extent the same was so impounded the district court of Oklahoma county acquired no jurisdiction. *M., K. & T. Ry. Co. v. Bradshaw*, 37 Okla. 317, 132 Pac. 327; *St. L. & S. F. R. Co. v. Crews*, 50 Okla. —, 151 Pac. 879,

In the case of *State ex rel. Baumle v. District Court of Tenth Judicial Dist.*, 47 Okla. 35, 145 Pac. 563, however, *Northwestern Iron Co. v. Land, etc., Co.*, 92 Wis. 487, 66 N. W. 515, is approvingly quoted as follows:

"In connection with the application of this rule governing cases of conflicting jurisdiction, the term 'jurisdictions' is not used in its absolute sense. It is a rule of comity and discretion."

Indeed, it appears that if two courts of concurrent jurisdiction "do actually proceed to final judgment on the same cause of action, the judgment first in time, even in the later case, is a binding adjudication in the earlier." 1 Modern American Law, sec. 36, pp. 230, 231; 24 Am. & Eng. Enc. L. (2d Ed.) 833; *Shepard v. Stockholm*, 45 Kan. 244, 25 Pac. 559; *Chicago, etc., Ry. Co. v. Anderson County*, 47 Kan. 766, 29 Pac. 96; *Bolen Coal Co. v. Whittaker Brick Co.*, 52 Kan. 747, 35 Pac. 810.

In 1 Modern American Law, 216, it is said:

"The same cause of action may be brought before two or more courts of the same state or government, or of different governments, and the same defendant be thus required to defend in each court. In such cases neither

court will attempt directly to restrain the other; but the court which last assumed jurisdiction will generally, out of comity to the court whose power was first invoked, stay further proceedings in the case before itself. The defendant may also have an injunction issued against plaintiff restraining him from further proceedings in the second or later suit. This does not bind the court in which the latter suit is pending, but indirectly stops such further proceedings by acting on the party."

Also, as to this, see *St. L. & S. F. R. Co. v. Crews, supra.*

And, as said in 9 R. C. L., sec. 213, p. 413, citing the case of *Cook v. Cook,* 159 N. C. 46, 74 S. E. 639, 40 L. R. A. (N. S.) 83, and Ann. Cas. 1914A, 1137, with notes:

"One action, to be available as a plea in abatement to another, must involve the same cause of action. In actions for divorce, the one by the husband, and the other by the wife, though the subject-matter, viz., the marriage status of the parties, is the same, the conduct of the parties which gives rise to the cause or ground for divorce is not the same, and therefore it would seem on principle that the pendency of an action by one spouse for a divorce on the ground of misconduct of the other spouse cannot be pleaded in abatement of another action, wherein the position of the parties as plaintiff and defendant is reversed. * * * But it has been also held that, where the husband and wife reside in different counties in the same state, and the wife commences an action for a divorce in the county in which she resides, and the husband thereafter begins a like action in the county in which he resides, and conflicting orders are made in the two actions as regards the temporary custody of the children, a writ of prohibition will lie to prevent the court in which the second action is commenced from assuming jurisdiction."

Also, see 1 Corpus Juris, secs. 83, 107, pp. 66, 82.

It will be seen from the facts stated that no such sharp and intolerable conflict has arisen between the two district courts mentioned as to authorize this court to issue a writ of prohibition to either or to justify the exercise in any other manner of its constitutional power of supervisory control.

For the reasons stated, the petition should be denied.

All the Justices concur.