## WILLIAMS v. WILLIAMS.

No. 13310—Opinion Filed Oct. 7, 1924.

**Divorce—Appeal—Evidence — Insufficiency to Support Judgment—Disposition.**

In a divorce action this court will consider and weigh all of the evidence, and, where the judgment of the trial court is clearly against the weight of the evidence.

will render or cause to be rendered such judgment as the trial court should have rendered.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by J. D. Williams against Nannie B. Williams for divorce. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

Tow D. W. McKeown and C. F. Green, for plaintiff in error.

J. W. Field, for defendant in error.

PER CURIAM. This is an action for divorce in the district court of Pontotoc county by defendant in error against plaintiff in error on the 6th day of August, 1921. The parties will be referred to as they appeared in the court below.

The ground upon which this action is predicated is abandonment in January of the year 1919. Defendant filed answer in general denial, and pleaded specifically a judgment for alimony which she obtained against plaintiff in the district court of Pottawatomie county on the 8th day of May, 1920, on the ground of gross neglect of duty, which consisted in failure to provide her a support reasonably adequate, and to this special plea there is no reply. Judgment was rendered in favor of plaintiff and defendant has appealed.

The judgment pleaded was introduced in evidence by defendant, and it appears therefrom that the court found that defendant was justified in living apart from plaintiff and was awarded $50 per month as alimony, none of which has been paid. This judgment is competent for one purpose only, that is, it may be looked to in determination of the question of abandonment, which is a question of fact, it is no bar to this action and cannot be successfully so pleaded. The question of divorce was not involved, was not in issue, and was not passed upon by the court. While a suit for alimony under section 514, Comp. Stat. 1921, does somewhat partake of the nature of an action for divorce, yet the two are essentially different. The one does not contemplate a termination of the marriage vows, but a continuation or the same, and is temporary and may be terminated at any time by reconciliation, or by voluntary discharge of duty by the offending party, while the other dissolves the marriage bonds, fixes the status of minor children of the marriage, and property rights, and if the wife be the prevailing party and procures a divorce, will restore to her her maiden name if she so desires. Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397; Doggett v. Doggett 85 Okla. 90, 203 Pac. 223.

Our statute was taken from Kansas, and is identical with it except it gives a right of action for alimony to both husband and wife while the Kansas statute gives the right to the wife only. The divorce statutes of both states require a bona fide residence in the state for a period of one year next preceding the bringing of the action, but the alimony statute of neither state makes any such requirement, and in construing this statute in the case of Litowich v. Litowich, 19 Kan. 451, the Supreme Court, speaking through Mr. Justice Valentine, in the third paragraph of the syllabus of the case held:

"A wife may commence and maintain an action in Kansas for alimony, without having been a resident of the state for the whole of the year next preceding the commencement of the action."

Residence is not ground for divorce but is only an incident to bringing the action.

It is not only the duty, but every husband is bound to maintain and support his wife when she has no means for her support independent of that of her husband, and independent of the alimony statute she may enforce this duty either at common law or under sections 6605, 6606, and 6607, Comp. Stat. 1921, and when she lives apart from her husband without fault, she may contract for necessities and have the same charged to his credit or account and for which he will be compelled to make compensation. Birdzell v. Birdzell (Kan.) 6 Pac. 563; Jenness v. Cutler, 12 Kan. 516.

No one testified in this case but plaintiff and defendant, and the burden of proof rests upon plaintiff, which he has failed utterly to discharge. Plaintiff must not only show by a preponderance of the evidence the abandonment, but he must also show that he was without fault. The evidence shows that the parties are 60 years of age, have been married for 30 years, and are the parents of four children, all of whom are of age and married except one boy who is single, but who is in business for himself and providing for his own maintenance and support. Plaintiff is a traveling salesman, receives a salary of $150 per month with expenses, and has accumulated about $550 since January, 1919, the date of the separation, and he has paid no part of the alimony awarded against him by the district court of Pottawatomie county, and for failure to pay this alimony plaintiff gives no excuse.

Unfortunately for plaintiff he has acquired the habit of gambling and squandered his earnings about the gambling table, while the defendant was striving to acquire a home for herself and family. Plaintiff demanded of defendant that she place her earnings in his bank account, and stated to her that this was the only condition upon which they could live together. This defendant offered to do if plaintiff would pay his debts and quit gambling, but there is no evidence in the record that this offer was accepted.

Defendant is a woman of education, intelligence, and high christian character, and is opposed to divorce. She was a Presbyterian at the time of her marriage, but after her marriage she joined the Christian church with plaintiff, her husband. Defendant writes to plaintiff occasionally and has often tried to become reconciled to him but without avail, and is willing and anxious to do so now, if he will reform his habits so that she may do so without embarrassment, humiliation, or loss of self respect.

This being a proceeding in equity, the court will examine the evidence and render such opinion as the clear weight of the evidence supports. It is the opinion of the court that the clear weight of the evidence is against the judgment of the court below, and the same is reversed and remanded with directions to dismiss.

By the Court: It is so ordered.