**WILLBROOK v. WORTEN, Judge.**

No. 20171. Opinion Filed June 11, 1929.

Gaylord R. Wilcox, for petitioner.

J. C. Cornett, B. C. Logsdon, and Allen & Jarman, for respondent.

ANDREWS, J. The facts disclosed by the record in this case are as follows:

The plaintiff, a resident of Creek county, and Margaret Willbrook, a resident of Osage county, are husband and wife. The plaintiff filed a suit for divorce from his wife in the superior court of Creek county, Bristow division. His wife appeared in person and by her attorney and filed an answer and cross-petition alleging that she was without means of support and praying alimony and separate maintenance, including temporary alimony and attorney fees. Thereafter and while that cause was pending Margaret Willbrook instituted a suit against the plaintiff in the district court of Osage county for separate maintenance and alimony, and the district court of Osage county issued an order requiring the plaintiff to pay temporary alimony. The plaintiff appeared in the district court of Osage county and showed that court the condition of the record in the superior court of Creek county, and thereupon the district court of Osage county set aside its temporary order and ordered the defendant to file his answer in the district court of Osage county, which answer was filed in due course. Thereafter Margaret Willbrook, by order of the superior court of Creek county, dismissed her cross-petition in that court, and thereafter the district court of Osage county made another order for temporary alimony and attorney fees. The plaintiff again appeared in the district court of Osage county and moved the vacation of this order for the reason that the cause was pending in the superior court of Creek county upon the plaintiff's petition and the defendant's answer. This motion was overruled and plaintiff was given ten days in which to comply with the order of the district court of Osage county for payment of temporary alimony. Thereupon plaintiff brought this action to prohibit the district court of Osage county from proceeding further in the matter or from enforcing its order.

The defendant herein, for his return to the alternative writ, filed a general demurrer, which was afterward amended by a statement that plaintiff and his wife, prior to their separation, resided in Osage county and that plaintiff abandoned his wife in Osage county and went to Creek county, leaving

his wife in Osage county, where she has resided at all times since the abandonment.

The plaintiff submits three questions, the answer to the first of which determines the issues in the case. The others will be disregarded. That question is:

"Can both courts maintain jurisdiction at one and the same time between the same parties, upon the same subject-matter, or does the court which first acquired jurisdiction of the parties retain that jurisdiction to the exclusion of any other court until final judgment?"

It is the contention of the plaintiff that when his wife appeared in the superior court of Creek county and filed her answer and cross-petition, in which she sought affirmative relief, the superior court of Creek county acquired jurisdiction of the parties which, with its jurisdiction of the subject-matter, gave that court jurisdiction to the exclusion of any other court.

The respondent contends that the divorce action in the superior court of Creek county and the separate maintenance action in the district court of Osage county do not involve the same subject-matter, but present entirely different questions; that the decision in one case will in nowise affect or determine the decision in the other case, and that the judgment in one case will be res judicata in the other case.

In support of his contention respondent cites the case of Drummond v. Drummond, 49 Okla. 649, 154 Pac. 514. The facts in that case are materially different from the facts in this case. It does not appear from that case that both parties had appeared in the same court. In that case each of the parties had instituted a suit for divorce, one in Okmulgee county and one in Oklahoma county. We do not think that that case is an authority on the issues presented by the facts in this case. There the court held that no such sharp or intolerable conflict had arisen between the two district courts as to authorize the issuance of a writ of prohibition, while in this case there is such conflict.

Respondent cites the case of Bleuer v. Bleuer, 27 Okla. 25, 110 Pac. 736. That case involves an entirely different question from that under consideration here.

Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397, Doggett v. Doggett, 85 Okla. 90, 203 Pac. 223, and Williams v. Williams, 103 Okla. 194, 229 Pac. 797, cited by respondent, are against his contention, and will be hereinafter considered.

District courts, under section 10, art. 7, of the Constitution, have original jurisdiction in all cases except where exclusive jurisdiction is, by the Constitution or by law, conferred on some other court. Under this section the district court of Osage county has jurisdiction in suits for alimony without divorce. Under this section and the statutes creating the court, the superior court of Creek county, Bristow division, has jurisdiction of suits for divorce.

The court having jurisdiction in the divorce action may, under the provisions of section 505, Id., refuse to grant a divorce and may make equitable and just provision for the control and equitable division and disposition of the property of either of the parties to the action. Jones v. Jones, 63 Okla. 208, 164 Pac. 463. An order for temporary support, maintenance, and suit money may be made pending the trial under the provisions of section 506, Id. Hunt v. Hunt, 23 Okla. 490, 100 Pac. 541. The court may, when the divorce is granted, make division of the property under section 508, Id. Tobin v. Tobin, 89 Okla. 12, 213 Pac. 884.

The plaintiff in this action was an actual resident of Creek county and had been an actual resident in good faith of the state of Oklahoma for more than one year prior to filing his petition. The superior court of Creek county, therefore, had jurisdiction of the subject-matter and could grant or refuse a divorce to the plaintiff or to his wife, grant temporary alimony, attorney fees, and suit money or refuse the same, and could grant permanent alimony or make division of the property. That court had complete authority to settle all of the rights of the parties thereto. When the plaintiff's wife filed her answer and cross-petition in that case, she submitted herself to the jurisdiction of that court, and from that time that court, not only had jurisdiction of the subject-matter, but had jurisdiction of the parties to the suit.

Thereafter the plaintiff's wife went into the district court of Osage county and filed a suit for alimony without divorce. The plaintiff herein entered a general appearance, and thereafter the district court of Osage county had jurisdiction of the subject-matter and the parties to the action.

We have, then, under the facts in this case, this situation:

The superior court of Creek county, with jurisdiction of the subject-matter and of the parties, has ample authority to grant a divorce to the plaintiff, to allow his wife

temporary alimony, attorney fees, and other relief, and, whether or not the divorce is granted, to grant her alimony or provide for an equitable division of the property. On the other hand, the district court of Osage county has jurisdiction of the subject-matter and of the parties thereto and may grant the alimony prayed for. There are, then, two suits pending between the same parties in which the same relief may be granted.

There is, however, this distinction: Under section 509, Id., a divorce granted by the superior court of Creek county "* * * shall be a bar to any claim of either party in or to the property of the other. * * *" The granting of alimony by the district court of Osage county, under the rule announced in Lewis v. Lewis, supra, and Williams v. Williams, supra, is not a bar to any claim of either party in or to the property of the other.

In Lewis v. Lewis, supra, alimony had been granted a wife in a suit for that purpose only, and thereafter the wife brought an action for divorce and alimony and the husband pleaded as a bar the judgment for alimony. This court said:

"* * * This statute does not contemplate a termination, but rather a continuance, of the relation of husband and wife; at least of the marital obligation of the husband to support his wife during the period of their married life."

The court further said:

"But where a divorce is granted, the ultimate relations of the parties, both as regards their marriage status and property rights, are determined."

The court held that the former judgment could not be pleaded as former adjudication. The law as reflected in the second paragraph of the syllabus is as follows:

"Where, in a suit for alimony, brought by the wife under authority of section 4975, Rev. Laws 1910, the court awards to her the right to occupy and cultivate a certain one-half of the husband's homestead, and where, thereafter, the wife brought suit for divorce and alimony or division of property, the former decree cannot be pleaded in bar of plaintiff's rights to recover permanent alimony, or to have the homestead divided."

In Williams v. Williams, supra, the wife obtained a judgment for alimony without divorce, and thereafter her husband sued her for divorce and she pleaded the alimony judgment and attempted to prove it. The court held, that the alimony judgment was admissible for one purpose only, and that on the question of abandonment, and that it was no bar on the question of alimony in the divorce proceeding.

In Doggett v. Doggett, supra, the wife was granted a temporary allowance of so much per month in an action for divorce and alimony. That action was dismissed, and thereafter the wife brought a suit for divorce and alimony, and it was attempted to plead the former order in bar of her claim for alimony in the second case, and the court held that the same could not be done.

No matter what order was made by the district court of Osage county, in this proceeding, it would not be a bar to the proceedings in the superior court of Creek county. On the other hand, the order of the superior court of Creek county would be a bar to the proceeding in the district court of Osage county.

To permit the two suits to be maintained at the same time is to permit a conflict of jurisdiction which would be intolerable. The proper rule is stated in 19 C. J. 28, as follows:

"Where a husband and wife each sue for divorce in different courts, both of which have jurisdiction to grant such divorce, the court which first acquired jurisdiction is the only court that can award temporary alimony."

In the case of Mahn v. Mahn, 63 Mo. App. 375, this question is discussed at length. Therein the facts disclose that the plaintiff brought an action for divorce, and she was allowed temporary alimony. The defendant filed his answer and cross-petition. After this answer was filed the plaintiff dismissed her action and filed a reply to the cross-petition of her husband, denying the charges made against her, and then went over into another county and started a suit for divorce and alimony, and was allowed alimony pendente lite. On a hearing the court said:

"The established rule of judicial procedure is that no court should suffer itself to take cognizance of a cause or subject over which some other court has acquired a lawful jurisdiction. This is necessary to the harmonious movements of courts."

Under the provisions of section 509, Id., any order or judgment made by the district court of Osage county would be subordinate to that of the superior court of Creek county, and to permit the district court of Osage county to make an order that could be effective only until the superior court of Creek county had rendered its judgment, would be to trifle with the jurisdiction of the superior court of Creek county.

Respondent contends that prohibition will not lie. Under sections 268 and 270, Id., there may be a plea by demurrer and by answer that there is another action pending, and from the action of the district court in overruling that contention, if it should be overruled, an appeal will lie to this court. There being a plain, adequate, and complete remedy at law, prohibition will not lie. But the record in this case shows that the district court of Osage county has ordered this plaintiff to pay temporary alimony, attorney fees, and suit money within ten days. From that order there is no right of appeal. Moore v. Moore, 87 Okla. 269, 210 Pac. 728. Under such a condition this plaintiff does not have a plain, adequate, and complete remedy at law, and prohibition should issue.

"As has also been stated, one of the generally recognized tests of the identity of causes of action is this: Is full and adequate relief obtainable in the prior suit? If it is, then the second suit is unnecessary and vexatious and should abate; but it is otherwise if the whole relief sought in the second suit is not obtainable in the first. If the relief which may be given or the remedies available in the second suit are more extensive than can be attained in the first, a plea to the second suit of the pendency of the first is not good. The rule in equity is the same as at law, that the plea of a prior suit pending can be pleaded when, and only when, all the relief sought in the second action is obtainable in the first." 1 C. J. 72, subtitle 3.

All of the relief sought in the district court of Osage county is obtainable in the superior court of Creek county. That court has complete jurisdiction, and its order will be final. There is no necessity for an action in the district court of Osage county in order that the rights of the wife be protected.

It is, therefore, ordered that a peremptory writ of prohibition issue herein as prayed.

MASON, C. J., LESTER, V. C. J., and HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

RILEY, J., absent, and CLARK, J., not participating.

Note.—See "Husband and Wife," 30 C. J. §915, p. 1096, n. 99.