### KING v. OWEN, Judge.

No. 21655. Opinion Filed May 12, 1931.

Rehearing Denied June 9, 1931.

Walter L. Gray and Poe, Lundy & Morgan, for plaintiff.

Yancey, Spillers & Fist, for respondent.

LESTER, C. J. This is an original action filed in this court in which a writ of prohibition is sought against the district court of Tulsa county.

George King, in the month of July, 1930, filed in the district court of Osage county a petition for divorce from his wife, Minnie King. In said petition he also asked that the defendant be restrained from taking any of his property and that she be compelled to deliver to him a certain car which plaintiff alleged was his property.

Thereafter, to wit, on the 28th day of July, 1930, Minnie King, wife of George King, filed in the district court of Tulsa county a petition for divorce from said George King, and also that the court set apart and compel the defendant, George King, to convey to her certain property that might be equitable and just, and that the court grant an order of injunction restraining the defendant from disposing of the property and also compelling the defendant to pay during the pendency of this action the sum of $1,000 for the maintenance of the plaintiff and her child, for an additional sum thereafter as temporary alimony, and attorneys' fee. Summons was duly issued and served on George King in the last-named action.

Thereafter, on the 30th day of July, 1930, upon the verified petition of the plaintiff, Minnie King, the district court of Tulsa county made in part the following order:

"It is, therefore, the order of the court, that the defendant, George C. King, pay to this plaintiff or in to the clerk of this court within two (2) days from this date, the sum of $250 and that on the 1st of each and every month beginning with the 1st day of September, 1930, said defendant shall pay to plaintiff, or in to the clerk of this court, for the use and benefit of said plaintiff the sum of $500 and for the use, benefit and support of herself and child, during the pendency of this action; and

"It is the further order of the court that the defendant, within five days from this date, pay to Yancey, Spillers & Fist, attorneys of record for the plaintiff herein, or to the court clerk for their use and benefit, the sum of $250 as temporary attorney fees."

The defendant, George King, made default in payment of the above order of the court and he was cited to appear and show cause for such default, and in response thereto he pleaded that he had filed an action in the district court of Osage county which involved the subject-matter of the suit pending in the district court of Tulsa county and for this reason the district court of Tulsa county had no jurisdiction to enter said or-

der requiring said George King to pay alimony to the said Minnie King or to make any other order touching said cause. The district court of Tulsa county denied the plea of the said George King relating to its jurisdiction, and George King then filed his petition in this court for a writ of prohibition.

This court has frequently been confronted with questions kindred to the facts herein. Section 2, article 7, of the Constitution of Oklahoma provides in part:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law."

Where the court below is clearly acting outside of its jurisdiction, this court has from time to time issued proper writs to control its action, and in the instant case we might in furtherance of justice and an orderly procedure compel the plaintiff to desist from further prosecuting of said cause in the district court of Tulsa county; however, from all the facts and circumstances in the case, it is doubtful if the petitioner herein acted in good faith by filing suit for divorce in Osage county.

It clearly appears that just prior to the filing of the petition in the district court of Osage county, the petitioner maintained a home in Tulsa county for himself and family.

Writ of prohibition will issue only where it clearly appears that the petitioner is entitled to it.

In the case of Drummond v. Drummond, 49 Okla. 649, 154 Pac. 514, this court in the second paragraph of the syllabus stated:

"Where a husband commenced action for divorce against his wife in the district court of a county, and thereupon said wife commenced action for divorce and incidental relief against him in the district court of another county, and it does not appear that there is or will be any sharp and intolerable conflict of jurisdiction between said courts against which there is no adequate remedy at law, the writ of prohibition will not issue to prevent the latter court from exercising jurisdiction."

Section 514, C. O. S. 1921, provides:

"The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

Here it is seen that an action for alimony may be brought without including therein an action for divorce. Indeed it has been held that residence for one year in the state may not be necessary to maintain an action for alimony. See Litowich v. Litowich, 19 Kan. 456.

This court in the case of Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397, said in part:

"While the actions are essentially of a kindred nature, both involving the failure of the husband to discharge a duty owing by him, and although the statute provides that the wife may obtain alimony from the husband for any ground for which a divorce may be granted, yet the one contemplates temporary relief, while the other finally determines the ultimate claim of the wife. An order of the court awarding alimony, where the marriage relation continues, and where provision for temporary support only is made, may not, therefore, properly be pleaded as a former adjudication in a subsequent action brought by the wife to recover divorce and permanent alimony."

In the case of Doggett v. Doggett, 85 Okla. 90, 203 Pac. 223, this court again said:

"Under the 8th assignment of error it is contended that the court erred in awarding the plaintiff alimony, for the reason that in the former action, where the plaintiff had been denied a divorce, the court awarded her temporary alimony, which the plaintiff had been receiving. Under sections 4966 and 4975 of Revised Laws of 1910, the court is authorized to grant separate maintenance and support where a divorce is denied or in an action for such relief, but such a decree will not preclude the court in a subsequent action for divorce or operate as a bar to the court granting a decree of divorce and permanent alimony or decreeing an equitable division of the property of the husband and wife. Lewis v. Lewis, 39 Okla. 407, 135 Pac. 397. Under section 4975, supra, the court was authorized to make proper temporary provisions for the support and maintenance of the plaintiff although a decree of divorce was denied. Though the husband and wife may live separate and apart, the husband is not relieved of his obligation to support the latter as long as a marital relation exists and continues, unless it is the fault of the wife that they live separate and apart. Nelson on Marriage & Divorce, secs. 1002, 1003."

In the case of Willbrook v. Worten, Judge, 137 Okla. 148, 278 Pac. 388, this court said:

"In support of his contention respondent cites the case of Drummond v. Drummond, 49 Okla. 649, 154 Pac. 514. The facts in that case are materially different from the facts in this case. It does not appear from that case that both parties had appeared in

the same court. In that case each of the parties had instituted a suit for divorce, one in Okmulgee county and one in Oklahoma county. We do not think that that case is an authority on the issues presented by the facts in this case. There the court held that no such sharp or intolerable conflict had arisen between the two district courts as to authorize the issuance of a writ of prohibition, while in this case there is such conflict."

In the instant case there is one minor child of the age of 20 months. George King in his petition filed in the district court of Osage county makes reference to the birth of said child, but does not ask for its custody, nor does he make any reference to its support and maintenance. Minnie King in her action in Tulsa county asks that the defendant, George King, be required to pay such sum as necessary for the support and maintenance of said child, and that she be allowed and decreed the care and custody of said minor.

In these circumstances we do not think that the petitioner herein is entitled to the writ, and the same is denied, and petition dismissed.

CLARK, V. C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., dissents. RILEY and HEFNER, JJ., absent, not participating.