## STATE ex rel. BOURNE, Rec., v. JOHNSON, Judge, et al.

No. 24420. Opinion Filed April 11, 1933.

Rehearing Denied May 16, 1933.

Moss, Breckenridge & Young and Poe, Lundy & Morgan, for petitioner.

N. E. McNeill, for respondents.

WELCH, J. This is an original action in this court wherein A. F. Bourne, petitioner, seeks a writ of prohibition directing the Hon. Hal Johnson, judge of the district court of Pottawatomie county, Okla., and others, from proceeding further in a certain cause filed in the district court of Pottawatomie county.

The material facts are as follows: On September 14, 1932, the district court of Tulsa county, Okla., in cause No. 54443, styled International Supply Company, a Corporation, v. H. H. Taylor et al., appointed petitioner as receiver of various properties which were alleged to belong to the said defendant, Taylor. The Tulsa county suit was brought for the purpose of obtaining a money judgment against the defendant, and the petition alleged that the defendant, Taylor, was unable to look after his various properties by reason of illness, and that unless a receiver for all of the properties was appointed to preserve and operate the same, plaintiff in that cause, as well as numerous other persons, whom the defendant, Taylor, owed, would likely suffer loss of their claims. Among the properties listed and included in the order appointing A. F. Bourne receiver was an undivided interest in a certain oil and gas lease covering lands situated in Pottawatomie county. The defendant, Taylor, appeared personally in the Tulsa county district court and consented to the appointment of a receiver.

On the 19th day of September, 1932, the defendants herein, P. H. Burke, E. J. Kelley, C. W. James, J. W. Meazel, and Glenn J. Smith, with knowledge of the above facts, instituted suit in the district court of Pottawatomie county against H. H. Taylor et al. having for its purpose the recovery from said Taylor of the leasehold interest in the specific oil and gas lease on the Pottawatomie county land. Upon the institution of this last suit the Honorable Hal Johnson, judge of the district court of Pottawatomie county, appointed a receiver directing him to take charge, possession, and control of the specific property involved in the Pottawatomie county suit.

On October 3, 1932, Bourne, as receiver, filed in the district court of Tulsa county an application for citation in which he sets out the above facts, and requested that P. H. Burke, E. J. Kelley, C. W. James, J. W. Meazel, and Glenn J. Smith be cited by the district court of Tulsa county to show why they should not be held in contempt of said court for violating the court's orders in attempting to take possession of the Pottawatomie county property. Citation was issued as prayed, and thereafter the parties cited filed their motion to discharge the citation for contempt, in which they alleged that the district court of Tulsa county had no jurisdiction to appoint a receiver in said cause over the Pottawatomie county property, alleging in said motion that the court's order purporting to appoint a receiver for said property is void. On December 31, 1932, the district court of Tulsa county, Okla., after reciting the fact that the motion took the jurisdiction of the court to appoint the receiver as above set out, and after reciting that a full hearing had been had on same, sustained the motion and quashed and set aside the citation for contempt.

It appears that the receiver appointed by the Pottawatomie county district court has been, and was at the commencement of this action, in actual possession of, and manag-

ing the premises involved herein, though A. F. Bourne, the receiver appointed by the Tulsa county district court, claims the right to possession thereof, and on January 27, 1933, the said Bourne filed herein his petition for writ of prohibition..

Counsel for both parties herein have filed complete briefs. Much attention has been given to a discussion of whether or not the district court of Tulsa county had jurisdiction to appoint a receiver for all of the property of an individual at the suit of a small contract holder, and we would deem it necessary to express our views on these points if this record disclosed a more pronounced conflict in the exercise of jurisdiction between the district courts of the two counties. In Drummond v. Drummond et al., 49 Okla. 649, 154 P. 514, this court held:

"Where a husband commenced action for divorce against his wife in the district court of a county, and thereupon said wife commenced action for divorce and incidental relief against him in the district court of another county, and it does not appear that there is, or will be, any sharp and intolerable conflict of jurisdiction between said courts against which there is no adequate remedy at law, a writ of prohibition will not issue to prevent the latter court from exercising jurisdiction."

The principles of law announced therein are also discussed in Cheyne v. Craig County Court, 69 Okla. 167, 171 P. 19, and King v. Owen, Judge, 149 Okla. 151, 299 P. 872, wherein this court announced the principle that the extraordinary writ of prohibition will be issued only in cases of absolute necessity, and when no other remedy is available.

It is true that this court will, by prohibition, interfere when there is made to appear sufficient facts to justify the same, and if no other adequate remedy is available, as was done in State ex rel. Monahawee et al. v. Hazelwood, County Judge, 81 Okla. 69, 196 P. 937, and Wilbrook v. Worten, Judge, 137 Okla. 148, 278 P. 388.

We fail, however, to find in this record any such conflict of jurisdiction as appears to be necessary to justify and require the issuance of a writ under the principles announced in the cited cases.

Prior to the filing of the petition herein, the district court of Tulsa county, in passing upon a motion which raised the specific question of the validity of the appointment of a receiver for the property involved here-

in, sustained the said motion. It is true, the record herein does not show that the district court of Tulsa county has specifically discharged the receiver as to this property, but, as we view it, the only construction to be placed upon the action of the court in sustaining the motion to quash the citation is that the district court of Tulsa county is no longer seeking to control the property herein through its receiver.

There being no intolerable conflict of jurisdiction shown, we hold that the facts herein are insufficient to require the issuance of the writ of prohibition as prayed.

For the reasons stated, the petition should be denied, and it is so ordered.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, and BUSBY, JJ., concur. McNEILL and BAYLESS, JJ., not participating.