## McADAMS v. DISTRICT COURT OF OKLAHOMA COUNTY.

No. 32589.    June 11, 1946.

*169 P. 2d 1011.*

Meacham, Meacham, Meacham & Meacham, of Clinton, for petitioner.

Miskovsky & Miskovsky, of Oklahoma City, for respondent.

DAVISON, J. The facts in the case at bar are substantially as follows: Plaintiff and defendant were legally married in 1937. They lived together on a farm in Beckham county until the 13th day of April, 1946, when defendant departed therefrom to go to Oklahoma county, taking the two minor children of the parties with her. On the 15th day of April, 1946, the plaintiff, being the petitioner herein, filed his suit for divorce from defendant in the district court of Beckham county. In said suit plaintiff asked for the care and custody of the two children. The petition also set forth the description of the property which had been accumulated by the parties hereto, including the Beckham county real estate upon which they were living at the time of their separation, and asked that the court make an order concerning their property rights. On the same day as the filing of the above suit, the plaintiff caused summons to be issued by the district court of Beckham county to the sheriff of Oklahoma county to be served on defendant in said county.

On the 16th day of April, 1946, the defendant in the Beckham county case filed suit in Oklahoma county against the petitioner herein, praying for divorce, custody of the children, a division of property, temporary alimony, attorneys' fees and suit expense, together with a temporary restraining order to restrain the petitioner from interfering with her care and custody of the children, and to restrain petitioner from in any wise disposing of the property. Summons in said cause was thereafter timely issued and duly served on petitioner. The district court of Oklahoma county on the day of the filing of this last suit made an ex parte order which restrained petitioner from doing the things as prayed for in the petition, and ordered petitioner to pay temporary alimony, attorneys' fees, and suit expenses. Before this order was issued and served on petitioner in Beckham county, he had regained custody of the children. Thereafter, on April 20th, a citation for contempt was served upon petitioner.

On April 23, 1946, petitioner filed in the district court of Oklahoma county his "Special Appearance—Objection to the jurisdiction of the Court," in which the court's attention was called to the facts above related. This motion was overruled.

The present action for writ of prohibition was then filed in this court to restrain the district court of Oklahoma county from proceeding further in said cause on the theory that the matter presents an intolerable conflict between the two district courts which will cause petitioner to suffer irreparable injury.

The facts in the present case present

238

a situation where two suits for divorce and similar equitable relief are pending between the same parties in which the same relief may be granted. The district court of Beckham county was the court which first obtained jurisdiction of the present case. This was by reason of the filing of the petition in that court and causing summons to be issued thereon the day before the filing of the cause in Oklahoma county. See 12 O.S. 1941 § 151. Full, complete, final and adequate relief on all issues is obtainable in the Beckham county district court. The second suit is therefore unnecessary and vexatious, and if the two suits are permitted to be maintained at the same time, no doubt such a conflict of jurisdiction would be intolerable. To permit continued procedure in the two courts would create discord in the movements of courts and would cause confusion to exist between the courts and the litigants therein. See Myers v. Garland et al., 122 Okla. 157, 252 P. 1090; Willbrook v. Worten, 137 Okla. 148, 278 P. 388.

Defendant relies on the case of Drummond v. Drummond, 49 Okla. 649, 154 P. 514. That case was distinguished in the case of Willbrook v. Worten, supra, and has never been followed nor expressly overruled. It, perhaps, should have been overruled, at least in part, in the Willbrook Case. We refuse to follow the case of Drummond v. Drummond, supra, as applied to the facts herein, for the reason that we think the basic reasoning in the case of Willbrook v. Worten, supra, to be sounder and more logical.

There is no necessity for an action in the district court of Oklahoma county in order that the rights of the defendant be protected.

It is therefore ordered that a peremptory writ of prohibition issue herein as prayed.

HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.