STATE of Oklahoma ex rel. Oneta Ruth
ROBEDEAUX, Plaintiff,

v.

Lee JOHNSON, District Judge, Pawnee
County District Court, Oklahoma, Defendant.

No. 42106.

Supreme Court of Oklahoma.

Sept. 13, 1966.

John H. Kennedy, Ralph Samara, Oklahoma City, for plaintiff, Oneta Ruth Robedeaux, and defendant, Jo Ann Hennessy, Judge of the District Court of Oklahoma County.

Houston Bus Hill, Oklahoma City, Thurman S. Hurst, Pawnee, for Lee Johnson, District Judge of Pawnee County, and cross petitioners, William C. Robedeaux and Lee Johnson.

DAVISON, Justice.

This matter is presented on an application to this court to assume original jurisdiction and petition for a writ of prohibition ordering the defendant to desist and refrain from further proceeding in his capacity as District Judge in cause No. D–2492, in the District Court of Pawnee County, Oklahoma.

The facts are rather complicated and were presented by oral argument and briefs of counsel.

It appears that Oneta Ruth Robedeaux, plaintiff herein, and William Cecil Robedeaux were married in 1955 and that no children were born out of the marriage; that William Cecil Robedeaux was a full blood Otoe Indian and was a ward of the United States Government at the time of the marriage; that Willis Robedeaux, the son of William Cecil Robedeaux, by a former marriage, allegedly received permis-

sion from the Bureau of Indian Affairs to have himself appointed Guardian of the *Estate* of his father in July, 1957; that at that time William C. Robedeaux and his wife (plaintiff herein) were residents of Oklahoma County; that soon thereafter, on July 29, 1957, Willis Robedeaux was appointed Guardian of the *Estate* of William Cecil Robedeaux in cause No. 38573, in the County Court of Oklahoma County. Attorneys for William C. Robedeaux set forth in their oral argument and brief that the sole reason for the appointment of such guardian was to preserve the funds of the ward who, together with the plaintiff, were alleged spendthrifts.

The plaintiff and William Cecil Robedeaux separated during the year 1959, and the said William Cecil Robedeaux has resided in Pawnee County since that time. However, the guardianship matter is still pending in Oklahoma County.

On April 14, 1966, William Cecil Robedeaux filed suit in the District Court of Pawnee County, in cause No. D–2492, against plaintiff, Oneta Ruth Robedeaux, for a divorce and property settlement and obtained proper service therein. The plaintiff herein filed a special plea going to the jurisdiction of that court to try said cause on the theory that the said William Cecil Robedeaux was an incompetent and under guardianship and could not maintain the action. This plea to the jurisdiction of the court was set for hearing on June 20, 1966.

On May 16, 1966, plaintiff herein filed suit in the District Court of Oklahoma County against Willis Robedeaux, Guardian of William Cecil Robedeaux, an incompetent, in cause No. 131769, praying for a divorce against William C. Robedeaux and for temporary support, money, property settlement, alimony and attorney's fees. William Cecil Robedeaux has now been made a party to the suit and proper service has been had on him. Thereafter, on May 26, 1966, the District Court of Oklahoma County issued an Ex Parte order requiring Willis Robedeaux, Guardian of William Cecil Robedeaux, to pay to plaintiff in that suit weekly support money and temporary attorney's fees. A special plea going to jurisdiction of such court to proceed further was filed and said plea was set for hearing on July 1, 1966.

On June 20, 1966, Lee Johnson, Judge of the District Court of Pawnee County, after a hearing, denied the plea of plaintiff and assumed jurisdiction of the subject matter in said cause No. D–2492.

On June 17, 1966, the Honorable Jo Ann Hennessy, Judge of the District Court of Oklahoma County, issued a contempt citation against Willis Robedeaux which hearing has been continued pending the final outcome of the present case.

The defendant, Lee Johnson, Judge of the District Court of Pawnee County, and the District Court of Oklahoma County, are properly before this court and because of conflict of jurisdiction of the two courts and the gravity of the situation, we deem it expedient to assume jurisdiction.

Two questions are necessary for decision in deciding the matters before us, namely:

■ Question 1. Where two suits for divorce and similar equitable relief are pending between the same parties in which the same relief may be granted which of the two courts from a jurisdictional standpoint should prevail?

In the matter before us the case was first filed in, and summons issued, out of the District Court of Pawnee County. Under an unbroken line of decisions we have held that where two suits for divorce and similar relief are pending between the same parties in which the same relief may be granted, the first court to obtain jurisdiction should prevail. To permit continued procedure in the two courts would create chaos, discord and an intolerable conflict of both courts. McAdams v. District Court of Oklahoma County, 197 Okl. 237, 169 P.2d 1011; Willbrook v. Worten, Judge, 137 Okl. 148, 278 P. 388; State of Oklahoma, ex rel. Medlin v. Ferris, Judge, Okl., 405 P.2d 156.

Question 2. Can a person maintain an action for divorce in his own name, where another, for the purpose of preserving his estate, has been appointed and presently acting as guardian of the person's *Estate?*

This question is one of first impression in this state.

The plaintiff, Oneta Ruth Robedeaux, has presented authorities to the effect that an insane person, under guardianship, cannot maintain an action for divorce. We agree that this is the law but such cases are not applicable herein.

. Under 58 O.S.1961, Sec. 851, provision is made for the appointment of a guardian for two classes of persons. They are persons who are "insane", and persons who are "mentally incompetent to manage" their property. The petition and order in the proceeding in which the guardian was appointed for William Cecil Robedeaux reflect that the grounds for the appointment were his inability to manage his property, the mismanagement of a considerable monthly income with resulting personal indebtedness, and the probability that he would be imposed upon by artful and designing persons. It was not alleged and found that he was insane and there was no finding that he was "mentally" incompetent, or that he was of unsound mind. The order did not appoint a guardian for his *person and estate,* but was limited to his estate, for the purpose of protecting and conserving his property and income.

The case of Cannon v. Robinson, 95 Okl. 89, 218 P. 872, is analogous to the situation involved herein, although in the cited case an action for divorce was not involved. Therein the court used the following language:

"These authorities correctly state the rule applicable to general guardianships, but this is a limited guardianship, and therefore the operation of the general rule must be limited to fit the facts of the particular case had under consideration. From the oral evidence contained in the record before us (there was no record or documentary testimony introduced in the case) it appears that Alex Cannon was a full-blood Osage Indian about 40 years of age, with a wife and family; that although he was a member of the tribe of Osage Indians he was living in Pawnee county, where this action was commenced and prosecuted to final determination. Cannon was an adult and perfectly sui juris, except for a strong propensity to spend for his current needs the entire income payable to him as his share of the oil royalties accruing to the Osage Indians from the oil lands of the Osage Nation.

"It was solely for the purpose of curbing this propensity, or keeping it within proper bounds, that the county court of Osage county appointed Mr. Cales as his guardian. * * *"

A decision in this case would be more difficult if the said William Cecil Robedeaux was under a general guardianship of his person and estate. We express no opinion as to a situation such as is involved herein if the ward was under a general guardianship of his person and estate.

The defendant cross petitioner, William Cecil Robedeaux, cites and relies on a number of cases such as Wah-Kon-Tah-He-Um-Pah's Estate, 108 Okl. 1, 232 P. 46, to the effect that a testator who has been adjudged incompetent to manage his property and business affairs is not sufficient of itself to show a mental incompetency to make a will, and that the existence of a guardianship does not of itself render one legally incapacitated to make a will. Also cases such as Groseclose v. Rice, Okl., 366 P.2d 465, holding that being adjudicated an incompetent and having a guardian appointed does not deprive one of testamentary capacity.

The last above cases are somewhat persuasive but are not decisive of the involved issues.

We are of the opinion and hold that the District Court of Pawnee County should retain jurisdiction of the cause. That court

will then have the opportunity to determine the reason and necessity of appointment of the guardian of the Estate of William Cecil Robedeaux; will have the opportunity to determine the competency and legal capacity of the ward to obtain the relief sought, and if found to be sane and legally competent to determine all issues involved.

The writ of prohibition is denied and Lee Johnson, Judge of the District Court of Pawnee County, is authorized to proceed in cause No. D–2492.

It is further ordered, adjudged and decreed that Jo Ann Hennessy, Judge of the District Court of Oklahoma County, Oklahoma, and any District Court of Oklahoma County, desist and refrain from proceeding further in cause No. 131769 in the District Court of Oklahoma County, Oklahoma.