**Beverly AUTRY, Plaintiff in Error, (Petitioner)**

**v.**

**DISTRICT COURT OF MUSKOGEE COUNTY, Oklahoma, and Cecil Robertson, Special Judge of said Court, Defendants in Error, (Respondents).**

**No. 43695.**

Supreme Court of Oklahoma.

Oct. 14, 1969.

Harley E. Venters, Robert D. Crowe, Oklahoma City, for plaintiff in error.

R. Forney Sandlin, Muskogee, for defendants in error.

JACKSON, Justice.

This original proceeding involves an intolerable conflict of jurisdiction between the District Courts of Oklahoma and Muskogee Counties in separate maintenance and divorce actions. The problem arises because in actions in which venue is based upon the residence of plaintiff, the applicable venue statute, 12 O.S.1965 Supp., Sec. 138, requires only that the plaintiff in a separate maintenance action shall be a resident of the county at the time the action is filed, but requires that the plaintiff in a divorce action shall have been a resident of the county for thirty days.

Plaintiff wife brought an action for separate maintenance in the District Court of Oklahoma County on July 2, 1969, and obtained orders for temporary support for herself and her children and for temporary attorney fees. We will refer to these orders collectively as the "temporary orders". One week later the husband, as plaintiff, filed an action for divorce in the District Court of Muskogee County and obtained an order from that court enjoining the wife from proceeding further in the separate maintenance action in Oklahoma County.

In this court, the petitioner, the wife, asks for a writ of prohibition against the District Court of Muskogee County ordering it to desist from further proceedings in the divorce action, and to refrain from exercising any further jurisdiction over the person of the wife. No questions are raised as to service of process, the priority thereof, or the authority of the Special Judge. She argues in effect that there is an intolerable conflict of jurisdiction between the two courts and that this court, in the exercise of its constitutional superintending control, should prohibit the Muskogee court from proceeding with the divorce action. Her argument rests upon the premise that since the Oklahoma County action was first

filed, venue and jurisdiction of the entire matter are properly in Oklahoma County.

■ The cases cited by the wife in support of her position are not precisely in point on the facts. In State ex rel. Medlin v. Ferris, Okl., 405 P.2d 156, we considered a situation where successive actions for separate maintenance had been filed in separate counties, first by the wife and then by the husband; the second court was prohibited from proceeding. In Willbrook v. Worten, 137 Okl. 148, 278 P. 388, the husband filed suit for divorce in one county and the wife later filed a suit for separate maintenance in another county; this court prohibited further proceedings in the separate maintenance action. In McAdams v. District Court of Oklahoma County, 197 Okl. 237, 169 P.2d 1011, successive actions for divorce in different counties were filed, first by the husband and then by the wife; the second court was prohibited from proceeding. All of these cases rest upon the well settled general rule that the exercise of concurrent jurisdiction is controlled by the principle of priority. Under this principle, the court that first exercises jurisdiction thereby acquires exclusive jurisdiction to proceed further in the case. 20 Am.Jur.2d Courts, Sec. 128 et seq.

■ However, the priority principle is applicable only when the cases involved are identical as to subject matter, parties, and *relief sought*, and the identity as to subject matter, parties and relief sought must be such that a final adjudication of the case in the first court would, as res judicata, be a bar to further proceedings in the second court. 20 Am.Jur.2d Courts, Sec. 131.

■ In the situation now before us, it is apparent that the relief sought in the two courts is not the same, and that a judgment in the prior separate maintenance action would not be a bar in the subsequent action for divorce. In a separate maintenance action the court considers only the restricted question of the duty of the husband to provide separate maintenance for the wife while the marriage relation continues. Separate maintenance is in the nature of temporary relief, Fox v. Wiley, 199 Okl. 154, 184 P.2d 782. A judgment for separate maintenance is not res judicata as to a subsequent divorce action; Stout v. Stout, 182 Okl. 490, 78 P.2d 665; Williams v. Williams, 103 Okl. 194, 229 P. 797; Lewis v. Lewis, 39 Okl. 407, 135 P. 397. In the situation before us, the District Court of Oklahoma County does not have jurisdiction to grant a divorce because neither party has asked for such relief, 20 Am.Jur.2d Courts, Sec. 94. A court cannot of its own motion assume jurisdiction in a particular matter, 21 C.J.S. Courts § 81. The fact that the District Court of Oklahoma County theoretically might have acquired jurisdiction to grant a divorce at some time subsequent to the filing of the action for separate maintenance under the second sentence of 12 O.S.1961, Sec. 1284, is not helpful to the wife's arguments in connection with the priority principle.

■ In a divorce action all ramifications of the marriage relation, with its attendant duties and responsibilities, and the property rights of the parties, are before the court. It is too well settled to require citation of authority that in a divorce action the court has jurisdiction to enforce the duty of the husband to provide necessary support while the marriage relation continues (alimony pendente lite), and also the authority to provide alimony after the divorce is granted. Since the right to separate maintenance, as that phrase is ordinarily used, can exist only while the marriage relation continues, a final judgment of divorce extinguishes the right to separate maintenance, and in that sense may be said to be res judicata as to that question.

■ Since in the situation now before us only the Muskogee County court has jurisdiction to grant full relief and determine the entire controversy between the parties, and since under the priority principle the Oklahoma County court is now precluded from acquiring such jurisdiction, we decline to prohibit the Muskogee

County court from proceeding further in the divorce action.

It does not follow, however, that the wife is entitled to no relief in this court. It must be conceded that, under the second sentence of 12 O.S.1965 Supp., Sec. 138, her separate maintenance action was properly filed in Oklahoma County, and that the temporary orders she obtained there before the divorce action was filed in Muskogee County, were within the jurisdiction of the Oklahoma County court. They have not been reversed or vacated; as a matter of fact the husband has not attacked them in any way in the Oklahoma County court. If they are valid the wife is entitled to have them enforced until new and superseding orders covering the same subject matter, prospective only in effect, are entered by the court which now has jurisdiction of the entire controversy. Her right to the past due payments is now vested in the same sense that the right to arrearages in child support payments is a vested right. The order of the Muskogee County court preventing her from proceeding further in the separate maintenance action therefore had the effect of depriving her of vested rights, and, in practical effect, may be said to have retrospectively nullified the Oklahoma County orders under which these rights accrued.

■ The wife is plainly entitled to proceed, in the District Court of Oklahoma County, in any manner provided by law, with the enforcement of her vested rights which have accrued under the temporary orders in the separate maintenance action, and the enforcement of any rights which may accrue in the future until new and superseding orders covering the same subject matter, prospective only in effect, are entered in the District Court of Muskogee County.

The writ of prohibition is therefore granted and respondents are prohibited from interfering with petitioner in the enforcement of the orders of the District Court of Oklahoma County.

All the Justices concur.