**Vernon Kyle LANGLEY, Petitioner,**

v.

**The DISTRICT COURT OF SEQUOYAH COUNTY, State of Oklahoma, and the Honorable Dennis M. Sprouse, Special District Judge thereof, Respondent.**

No. 80567.

Supreme Court of Oklahoma.

Jan. 25, 1993.

ORDER

HODGES, Chief Justice.

▪ Original jurisdiction is assumed. Okla. Const. Art. 7 § 4. The petitioner filed a divorce action in Pontotoc County on September 10, 1992. The respondent-real-party-in-interest sought a divorce by an amended petition filed October 5, 1992 in a separate maintenance action in Sequoyah County. The request for divorce was first filed in Pontotoc County and that District Court is the proper court to adjudicate the divorce. *Manhart v. Burris,* 618 P.2d 945

**24.** *See* 12 O.S.1991 § 993(A)(2), *supra* note 13.

(Okla.1980); *Autry v. District Court of Muskogee County,* 459 P.2d 865 (Okla.1969).

A final adjudication in an action for separate maintenance would not bar a subsequent action for divorce between the same parties. *Autry v. District Court of Muskogee County, supra.* Thus, a separate maintenance action between two parties does not adjudicate the same cause of action as a divorce proceeding between the same parties. *Id.* The rationale of *Autry* was based upon the nature of proceedings for separate maintenance and divorce. The Oklahoma Pleading Code of 1984 did not change the nature of separate maintenance and divorce proceedings. The reliance by the respondent-real-party-in-interest upon the pleading procedure for counterclaims as legal justification for laying venue of divorce in the District Court of Sequoyah County is misplaced. The guidelines explained by *Autry* still apply when different District Courts exercise authority in conflicting divorce proceedings. The case of *Drummond v. Drummond,* 49 Okla. 649, 154 P. 514 (1916), though relied on by respondent-real-party-in-interest, has been disapproved. *See McAdams v. District Court of Oklahoma County,* 197 Okla. 237, 169 P.2d 1011, 1012 (1946).

Divorce is a special statutory proceeding under 43 O.S.1991 § 101 et seq. The compulsory counterclaim statute, 12 O.S.1991 § 2013(A) is a general pleading statute. The special statute controls over the general pleading statute. 43 O.S.1991 § 103 determines the venue for a divorce action.

The writ of prohibition is issued to the respondent judge, or any other assigned judge, from proceeding further in the divorce action presently pending before the District Court of Sequoyah County in Cause No. D–92–247.

DONE BY ORDER OF THE SUPREME COURT THIS 25TH DAY OF JANUARY, 1993.

All Justices concur.