## HENDRON v. SARKEY.

No. 26387.   Jan. 26, 1937.

Rehearing Denied March 9, 1937.

Gill & Caldwell and Harry Hicks, for plaintiff in error.

Ross Cox, for defendant in error.

PER CURIAM.   The parties occupy the same position here that they did in the trial court, and they will be referred to herein as plaintiff and defendant.

This cause was brought for the purpose of foreclosing a real estate mortgage given to secure a loan and the note incident thereto. The petition was filed August 12, 1931. On the same date praecipe for summons was filed, and on that date also summons was issued as directed in the praecipe to sheriff. of Pontotoc county to be served on defendant. This summons was returned unserved.   The record discloses that praecipes were filed and alias summons was issued thereafter on the following dates:   Sept. 10, 1931; Sept. 29, 1931; Oct. 9, and Nov. 20, 1931; that service was had on defendant under date of December 15, 1931.   Defendant in due course filed answer setting up a defense that the suit was prematurely brought for the reason that an extension agreement had been made.   Reply denied generally as to all allegations at variance with his petition.   On the 11th day of May, 1934, said cause was tried and was submitted to the jury.   The record shows that the question whether an extension agreement was or was not made revolved around the sole question as to whether the plaintiff had demanded payment of taxes as part of the consideration for the extension agreement, and that defendant had agreed as part and parcel thereof to pay such taxes.   There is no controversy about the fact that it was agreed to accept a payment of $100, being an advance interest payment and a small attorney fee; nor is it questioned that the negotiations were had on July 27, 1931.   Further, it is not questioned that if an agreement was reached the payment of the interest paid interest for an extension of the loan to October 12, 1931.   It further appears that plaintiff's attorney attempted to rescind, basing same upon stated fact of instructions from his client so to do because taxes were not paid.   The court instructed the jury upon the issues and the law; we find no exceptions nor any requested instructions refused.   The jury returned a verdict in favor of the defendant.   Motion for new trial was filed; also, motion for judgment non obstante veredicto.   Both these motions were considered and overruled by the trial court and judgment rendered dismissing plaintiff's action for the reason and on the ground that same was prematurely brought.

1, 2.   It is the province and duty of the courts to enforce the law as enacted and not to make law by judicial construction.

As set forth in the cited case of Drummond v. Drummond, 49 Okla. 649, 154 P. 514, it is there stated and laid down that the court acquires jurisdiction as of the date of the filing of the petition and issuance of summons, by virtue of the doctrine of relation.

Plaintiff cites a number of cases bearing on special proceedings in attachment; its

pendens notice as affected by not completing service in 60 days; also, attachment proceedings against a nonresident; none of which are applicable here, since none of these questions exist in the instant case. In one, being Ballew v. Young, 24 Okla. 182, 103 P. 623, it is specifically pointed out that the attachment failed finally because publication service was so defective as to be a nullity and the cause there stood in the same position as if no service by publication had ever been attempted. It is there further said, with reference to commencement of suit, that:

"Had the defects * * * been such as to render them only voidable, instead of void, having been filed or begun within the time provided by statute, such defects could be cured by amendment, and the first publication would then have related back to the time of the filing of the petition."

It thus appears again that by relation doctrine the two are held inseparable.

Plaintiff in error advances an ingenious argument, apparently in all sincerity, under his proposition I, which is:

"The suit was not instituted until after October 12, 1931, being the date to which defendant's plea in abatement contends the note was extended."

Thereunder he says, in part:

"The summons which was served, personally, * * * on December 15, 1931, was not issued within 60 days after petition was filed, and was not issued until after October 12, 1931, and for all purposes necessary for decision in the case at bar this suit was not commenced until the date of the issuance of alias summons which was served on defendant."

He thereby asks us to apply the doctrine of relation, as it were, in reverse; that is, to consider under that doctrine that the petition was refiled as of alias summons date of November 20, 1931, and to disregard the record showing that such was filed on August 12, 1931; also, disregard issuance of original summons same date. This is entirely unsound for two reasons: First. A prior process of like character must have issued before an alias is authorized. Its effect, therefore, is obvious. Second. If 60 days elapsed (as it did in fact here), then, under all the cases he cites in special proceedings necessitating 60 days, the suit became dead for all purposes. None of those cases advanced the filing date of the petition or attachment or other special proceedings. Lis pendens holding is that notice lost its force so as not to protect against claims of others acquired after the 60-day period even

though process was later completed. All statutory provisions for process being issued and served are predicated upon filing date of petition; without such filing no process in a civil action is valid or enforceable, since it has nothing to support it.

This action does not involve any of the special proceedings herein referred to where it might be said that "time is of the essence" as to completion of service, but really it falls under the general rule. The distinction between those classes is set forth quite ably in the opinion in Cowley-Lanter Lbr. Co. v. Dow, supra. That case quotes from German Ins. Co. v. Wright, 6 Kan. App. 611, 49 P. 704, in commencement:

"Where an attempt is made to commence an action on January 29, 1891, by filing a petition in the district court, and causing the issuance of a summons thereon, the service of which is afterward set aside, and where an alias summons is issued on February 12, and properly served February 14, 1891, held that, under paragraph 4097 of the General Statutes of 1889, the action will be deemed to have been commenced on said January 29th."

The above is the correct rule and plaintiff's hypothesis is totally untenable. To commence, the petition must first be filed, so service relates back. The petition cannot be brought forward to a date different from filing to accommodate process or service thereof. The record must stand or fall accordingly.

The Colorado case of Rasmussen v. Levin, 65 P. 94, stated to have been adopted with approval in Bartlett Bros. Land & Loan Co. v. Rees, 80 Okla. 225, 195 P. 757, is not directly in point. It involves the acceptance of interest by mortgagee, default in payment of taxes being then present, under theory of defendant advanced that such acceptance estopped mortgagor to take advantage of the default, there holding that it does not appear that acceptance was made with knowledge of such default. The theory in this action here under plea of prematurely brought suit involved that particular question; it was submitted to the jury and found by it in favor of the defendant. The jury so finding on that fact question distinguishes that case from the case at bar.

Plaintiff cites Mills v. Todd, 83 Ind. 25, wherein it is said:

"An agreement to extend the time for the payment of a debt for a limited period, even if founded on a sufficient consideration, is in substance an agreement not to sue within the time, and cannot be pleaded in bar."

Plaintiff concedes that Oklahoma takes

this Indiana view, but insists that the purport of this holding sustains his contention that the defense of premature action is eliminated thereby. With this we cannot concur. It is our conviction that the quotation gives the correct rule applicable to the action here. However, the plaintiff fails to grasp the distinction between a plea in abatement and a plea in bar. Had defendant pleaded this agreement as a plea in bar and been sustained by the lower court, we would not hesitate one moment in reversing the case, but such was not done. Black's Law Dictionary (2d Ed.) defines these pleas as follows:

"Plea in Abatement. In practice, a plea which goes to abate the plaintiff's action; that is, to suspend or put it off for the present."

"Plea in Bar: In practice, a plea which goes to bar the plaintiff's action; that is, to defeat it absolutely and entirely."

The plea of being prematurely brought is a mere plea in abatement and was so pleaded in this action. The judgment was to the same effect. The plea in abatement, if sustained, as it was sustained by the court and by the finding of the jury, was sufficient to withstand motion for judgment on the pleadings in the first instance and to withstand the motion for judgment notwithstanding verdict in the second instance.

Defendant says plaintiff would never accept the money after returning it. Plaintiff's attorney who handled the transaction testified in the case and admits it was offered the day before. It is therefore evident no acceptance was entertained by plaintiff. That satisfies the law of tender. Puls v. Casey, 18 Okla. 142, 92 P. 388.

3. It is too well settled in this jurisdiction to need citation of authorities in support thereof, that where a question of fact pertinent to the issues is submitted to a jury and there is any evidence in the record to support their verdict as rendered, same is binding upon this court unless this court can say there is a total lack of any evidence in the record to support said verdict. The jury here had the specific question submitted to them; the court instructed them as to the law; all parties seemed to be satisfied with the law as submitted, as no exceptions appear to have been taken nor any special instructions requested. It is apparent by the instructions given that the court grasped the full import of the questions before it and conducted the trial on the theories submitted by the pleadings. There is evidence in the record to support the verdict. It is the jury's duty to determine credibility of witnesses before it as well as weight and value of such testimony. The trial court considered the motion for new trial. It also considered the motion for judgment notwithstanding verdict. It was his solemn duty to set aside the verdict if he felt same should not be permitted to stand. The trial court is the 13th member of the jury; not this court.

We see no lawful reason to interfere with the judgment of the trial court. The question as to what liability, if any, exists under the supersedeas bond is not before this court here directly. We will, therefore, not pass upon such liability thereunder, but leave that to proper determination in such suitable proceedings as may be taken consistent with the judgment and this opinion. The judgment of the trial court is affirmed and the cause remanded, with instructions to proceed in accordance with this affirmance. Costs of the appeal are taxed against plaintiff in error.

The Supreme Court acknowledges the aid of Attorneys Morse Garrett, Wm. Fleetwood, Jr., and C. E. Baldwin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Morse Garrett and approved by Mr. Wm. Fleetwood, Jr., the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.