STATE of Oklahoma, ex rel., Patricia Kay
MEDLIN, Petitioner,

v.

Weldon FERRIS, Judge of the District Court
of Kiowa County, Oklahoma, Respondent.

No. 41538.

Supreme Court of Oklahoma.

Aug. 3, 1965.

Miskovsky, Sullivan, Embry, Miskovsky & Turner, Oklahoma City, for petitioner.

Robert S. Baker, Oklahoma City, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, of counsel, for respondents.

DAVISON, Justice.

This is an original proceeding by Patricia Kay Medlin (petitioner) for a writ prohibiting Weldon Ferris, Judge of the District Court of Kiowa County, Oklahoma (respondent) from further exercising jurisdiction in cause numbered and styled 868–D, Carlos Medlin v. Patricia Kay Medlin. The alleged basis for the writ is that the District Court of Oklahoma County had acquired prior jurisdiction of the parties and subject matter in the above styled action by virtue of an action petitioner had earlier filed in that court, and consequently an intolerable conflict of jurisdiction would arise if both courts were permitted to act.

Petitioner asserts the respondent improperly and arbitrarily denied her special appearance and denial of jurisdiction in the District Court of Kiowa County, Oklahoma.

The circumstances in the present matter are that petitioner and Carlos Medlin (Charles Carlos Medlin), herein referred to as Carlos, are wife and husband, and on April 8, 1965, petitioner filed suit against Carlos in the District Court of Oklahoma County for separate maintenance, and support of herself and their minor child, and at the same time a summons and order for temporary support were issued for service on Carlos in Washita County. The summons and order were returned "not found." On April 12, 1965, Carlos filed a petition in the Children's Court of Oklahoma County charging the child was neglected and after an adverse finding thereon the petition was dismissed. On April 16, 1965, an alias summons and order were issued out of the Oklahoma County District Court and this process was returned "not found." On May 10, 1965, a further alias summons and order were issued, directed to the sheriff of Oklahoma County, and these were served on Carlos on May 13, 1965.

In the meantime, on May 7, 1965, Carlos filed his action in the District Court of Kiowa County, above described, against petitioner for separate maintenance, and a summons and an order directing immediate delivery of the child to Carlos was issued. This summons and order were served on petitioner on May 10, 1965, in Oklahoma County. On May 13, 1965, the Kiowa County District Court issued an order directing the sheriff of Oklahoma County to physically take the minor child from petitioner and deliver the child to Carlos. Carlos delivered the order to the sheriff and while the sheriff was attempting to execute this order Carlos was served with the second alias summons and order issued in petitioner's Oklahoma County suit.

Carlos has filed a special appearance and plea of no jurisdiction in the Oklahoma County suit. This has been denied and he has given notice of intent to appeal to this court.

Petitioner filed her special appearance and plea of no jurisdiction in the Kiowa County suit. This has likewise been denied and she has given notice of intent to appeal to this court.

Petitioner urges the District Court of Oklahoma County has jurisdiction of the parties and subject matter, but that respondent assumes to act and proceed and try the Kiowa County suit and exercise judicial power in conflict with the jurisdiction and order of the Oklahoma County District Court.

Under the facts we have a situation where two suits for separate maintenance and similar equitable relief are pending between the same parties, in which the same relief may be granted.

The separate maintenance action filed by petitioner in Oklahoma County and the summons issued therein were instituted and issued almost a month prior to Carlos' Kiowa County action. Petitioner diligently procured the issuance of additional alias summons in an effort to secure service on Carlos and did finally effect service upon him. The parties, subject matter and relief asked are the same in both actions. The District Court of Oklahoma County has jurisdiction and authority to grant full, complete, final and adequate relief on all issues. By reason of the prior filing of petition and issuance of summons in the Oklahoma County District Court, that court first obtained jurisdiction of the controversy. 12 O.S.1961, § 151. To permit continued procedure in the two courts would create discord in the movements of the courts and would cause confusion to exist between the courts and litigants therein.

In McAdams v. District Court of Oklahoma County, 197 Okl. 237, 169 P.2d 1011, a similar situation was presented to this court, where the parties to a marriage had each filed a divorce action in different district courts. Therein we stated:

"Under the statutes of this state, an action is commenced by the filing of a petition in the office of the clerk of the proper court, and causing a summons to be timely issued thereon. 12 O.S.1941, § 151.

"Where a plea to the jurisdiction of a court is interposed because of another action pending between the same parties on the same alleged facts and wherein the parties may obtain full, complete, adequate and final relief on all issues in the first court, and where an intolerable conflict of jurisdiction would arise if both courts are permitted to act, a writ of prohibition is proper to prohibit the second court from exercising its jurisdiction."

There is no necessity for an action in the District Court of Kiowa County in order that the rights of Carlos be protected. This is a situation where further proceedings in the Kiowa County case should be prohibited.

Respondent contends the fact that service of summons was first secured in the Kiowa County case was effective to give that court jurisdiction in preference to the District Court of Oklahoma County.

The answer to this contention is found in Hendron v. Sarkey, 179 Okl. 316, 65 P. 2d 519, where we stated the rule that filing of a petition and issuance of summons marks the commencement of the action although such process is not completed by service, provided the jurisdiction of the court is perfected by continuing attempts to make such service, and service of process is in fact completed in due time. Therein we point out that this rule is subject to certain exceptions, but none of these exceptions are present in the instant situation.

The contention of respondent has no merit.

Respondent further contends that the petitioner's motion for new trial filed in the Kiowa County case, alleging Carlos' petition did not state sufficient facts to give that court any jurisdiction, was the equivalent of a demurrer to his petition. Respondent argues this amounted to asking for affirmative relief and thereby petitioner entered her appearance in that action. Even though

we assume such allegation was in effect a demurrer, still, such pleading would not constitute waiver of petitioner's special appearance and plea to the jurisdiction of the Kiowa County court.

In Osborn v. White Eagle Oil Company, Okl., 355 P.2d 1041, this court held that in view of the provisions of 12 O.S. 1961, § 268 A, a defendant did not enter a general appearance by filing a pleading wherein he joined his special appearance (preserving his objection to jurisdiction of the court over his person) with a demurrer to the petition on the grounds it did not state a cause of action. It is even more apparent that a defendant does not enter a general appearance by filing a special appearance and plea to the jurisdiction of the court and a demurrer to the petition based on the same ground.

Respondent also argues the District Court of Oklahoma County acquired no jurisdiction over Carlos for the reason that Carlos was a nonresident of Oklahoma County and was exempt from service of process of a court of that county while there for the sole and necessary purpose of securing the enforcement of an order of the District Court of Kiowa County. The basis of this proposition is that the order issued in the Kiowa County case directed the sheriff of Oklahoma County to take the minor child of the parties from petitioner and deliver the child to Carlos and that he came into Oklahoma County to accept delivery from the sheriff. No decision of any court is cited presenting this factual situation.

Carlos was not a witness under subpoena and therefore did not have the status of exemption from service provided by 12 O.S. 1961, § 399. His exemption from service of process, if any, must arise by virtue of the policy of the law to extend this privilege where required by the necessities of judicial administration.

This court has promulgated a number of decisions wherein we held the circumstances justified exemption from service of summons. The cases and the circumstances are as follows: Bearman v. Hunt, 68 Okl. 96, 171 P. 1124, (nonresident witness or suitor attending court trial); Ada Dairy Products Co. v. Superior Court, Seminole County, Okl., 258 P.2d 939, (nonresident attorney representing person at trial); Bingham v. Bingham, Okl., 366 P.2d 396, (nonresident witness (father) attending hearing in Children's Court); Santee v. Simon, Okl., 384 P.2d 36, (nonresident officer and attorney of a corporation attending a pre-trial hearing as witnesses); Stumpf v. Pederson, 176 Okl. 136, 54 P.2d 1035, (nonresident witness under subpoena, attending tax commission hearing); Richardson v. Smith, Okl., 394 P.2d 480, (nonresident member of Petroleum Gas Board attending hearing before Petroleum Gas Administrator, at latter's request).

In addition to the above cases the respondent also relies to a great extent upon Burroughs v. Cocke & Willis, 56 Okl. 627, 156 P. 196. In that case we said that this privilege of immunity from service extended not only to those who attended upon the trial, "but also those who attend as witnesses or suitors in the taking of depositions."

The common factor in all of these cases is that the attendance of the persons was at or connected with a trial or hearing of a judicial or quasi-judicial nature. In the Burroughs case the deposition was a mode of taking testimony (12 O.S.1961, § 421), after notice to the adverse party, for the purpose of enabling him to attend and cross-examine (12 O.S.1961, § 423), and admissible in evidence at the trial of any civil action or proceeding (12 O.S.1961, § 443). It is also apparent that the person's attendance at the trial, hearing or proceeding, was connected with the determination of the issues therein. We fail to see how the presence of Carlos in Oklahoma County falls within any of the above categories.

In Richardson v. Smith, supra, it is stated:

"  *  *  *  The privilege arises out of the authority and dignity of the court, it is founded on the necessities of judicial administration, it has for

its primal object the protection of the court and not the immunity of the person, and is extended or withheld only as judicial necessities require."

It is our conclusion that under the circumstances here presented Carlos was not exempt from service in Oklahoma County.

Writ granted prohibiting respondent from proceeding further in cause 868–D, Carlos Medlin v. Patricia Kay Medlin, in the District Court of Kiowa County, Oklahoma.

HALLEY, C. J., JACKSON, V. C. J., and WILLIAMS, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.