STATE of Oklahoma ex rel. Eddy Lee ROACHER, Petitioner,

v.

Robert E. CALDWELL, Special Judge of the District Court of Tulsa County, Oklahoma, Respondent.

No. 47344.

Supreme Court of Oklahoma.

May 14, 1974.

Woodliff & Hutton, Henryetta, for petitioner.

Ellis, Stark & Moss, Tulsa, for respondent.

LAVENDER, Justice:

On February 4, 1974, Eddy Lee Roacher filed in the District Court of Okmulgee County a petition wherein he sought a divorce from his wife, Sharla G. Roacher. In that action in addition to asking for a divorce Roacher prayed that the court "make provision for custody of the parties' minor child, child support and visitation; that the Court make an equitable division of the property owned by the parties; that the Court make provision for the payment of the debts of the marriage on an equitable basis; and for such other and further equitable relief as the Court may deem fit and proper." It is alleged in the instruments filed here by petitioner that these parties for a considerable period of time prior to February 4, 1974, were residents of Okmulgee County, but that in mid-January, 1974, the wife had left their home with the child and moved to some location unknown to the husband.

On the same day the petition was filed a summons was issued thereon to be served on the defendant. That summons, on February 13, 1974, was returned marked, "not found." On February 19, 1974, petitioner obtained issuance by the Clerk of a Notice by Publication. That notice was thereafter published on February 21 and was completed on March 7, 1974. Thereafter, on March 11, 1974, personal service of an alias summons was had upon the wife in the Okmulgee County action. In the

meantime, the wife had commenced in Tulsa County the action the continuance of which is sought to be prohibited herein. That action was for separate maintenance. It was filed on February 5, 1974, and summons was issued thereon. That summons was served on the petitioner on February 7th. Petitioner thereafter filed in the Tulsa County action his special appearance and motion to quash upon the principal ground that, as between the Tulsa County and the Okmulgee County District Courts, the latter had priority to proceed. That motion was overruled by the respondent judge and petitioner has come here seeking to prohibit the respondent judge from proceeding further in the action filed there by Mrs. Roacher on February 5, 1974.

Incidentally, after this special proceeding had been commenced in this court, Mrs. Roacher filed an amendment to her petition in the Tulsa County action and asked for a divorce. That amendment was on March 20, 1974. Further, it appears that an order for temporary alimony and maintenance and for suit money was issued by the respondent judge and a subsequent citation for contempt for petitioner's alleged non-compliance with that order was likewise issued. The hearing upon that citation has been postponed by the respondent at this court's request to allow us the opportunity to determine the questions presented by petitioner in this proceeding.

In the circumstances, we have determined to grant the petitioner's application for this court to assume original jurisdiction pursuant to the superintending control of this court reflected by Article VII, Section 4 of the Oklahoma Constitution.

■ Petitioner's principal argument is that because of the first sentence of 12 O.S.1971, § 151 and "the doctrine of relation" as expressed in cases such as Hendron v. Sarkey (1937), 179 Okl. 316, 65 P.2d 519; McAdams v. District Court of Oklahoma County (1946), 197 Okl. 237, 169 P.2d 1011; State v. Ferris (1965), Okl., 405 P.2d 156; and Autry v. District Court of Muskogee County (1969), Okl., 459 P.2d 865, the Okmulgee County court has priority.

The first sentence of 12 O.S.1971, § 151 is as follows:

"A civil action is deemed commenced by filing in the office of the court clerk of the proper court a petition and by the clerk's issuance of summons thereon. * * *."

The second paragraph of the Syllabus by the Court in Hendron, supra, is as follows:

"Issuance of process marks the commencement of the action although such process is not completed by service, provided said service is completed thereafter in due time so as to perfect jurisdiction of the court; and, where, as here, continuing attempts to (obtain) such service were being made, no necessity arises to complete such service within 60 days from filing of petition and first praecipe. * * *."

It is noteworthy that the above principles are applicable where two courts of concurrent authority are proceeding in two separate cases which are identical as to subject matter, parties and relief sought, Autry, supra, and that the Tulsa County proceeding, at the time personal service was obtained upon the wife out of the Okmulgee County action, was an action not for divorce but for separate maintenance. In the Autry case we held that a separate maintenance action commenced prior to an action for divorce did not establish priority to proceed in the court in which the maintenance action was commenced over the court in which the divorce case was filed because the relief sought in the maintenance action was not identical to the relief sought in the divorce proceeding, and for the further reason that a final adjudication of the maintenance action would not bar either party from thereafter proceeding to obtain a divorce. In other words, in Autry we pointed out that there was no intolerable conflict between two courts of concurrent authority which would compel this court, in the exercise of its superintending control, to apply the priority principle re-

flected by the statute supra and by the cited cases.

Although it could be said that under the circumstances herein and under the rationale of the Autry case there was no "intolerable conflict" between the two courts at the time the defendant in the Okmulgee case was personally served with process, and that the "intolerable conflict" was created when the plaintiff in the Tulsa County case amended her petition and asked for the same relief which had been requested in the other case, and that therefore the Okmulgee court had priority and was entitled to proceed rather than the respondent court, we prefer to deal with the arguments of the respondent herein to the effect that the priority principle does not prevail because the plaintiff in the Okmulgee action did not proceed diligently to obtain service upon the defendant, but "abandoned" such attempts when the publication service was requested and obtained.

▓ It is true that before subsequent service of summons can be said to relate back to the date the petition was filed for the purpose of fixing that date as the day the action was commenced the plaintiff must act diligently in his efforts to complete the service of process. In the Hendron case, as noted in State v. Ferris, we stated: " * * * the rule that filing of a petition and issuance of summons marks the commencement of the action although such process is not completed by service, provided the jurisdiction of the court is perfected by continuing attempts to make such service, and service of process is in fact completed in due time. * * *." In State v. Ferris, supra, the first action was commenced on April 8, but service was not had until the following May 13th under a second alias summons. In the meantime, the second action had been commenced. We prohibited the second action from proceeding.

▓ Under the circumstances related above where full relief requested in the petition filed in the Okmulgee County action could be granted only if the defendant was served personally with process, and where, as here, that defendant was personally served on March 11th following February 4th, the date the petition was filed, we are of the view and hold that plaintiff—petitioner here—acted diligently to complete the service within due time—that he did not "abandon" such attempts when he procured publication notice in between his efforts to obtain personal service of process and that the completion of service of process on March 11th related back to the date the petition was filed in the Okmulgee County action—February 4th—and that by reason thereof the latter court has exclusive authority to proceed in the matter of divorce and related relief as between Mr. and Mrs. Roacher.

Respondent's argument that because of the second sentence in 12 O.S.1971, § 151 the Okmulgee County action was "commenced" when the notice of publication was signed by the clerk is untenable. That statutory provision is not applicable—for the purpose of determining a "commencement" date of the action different from that referred to in the first sentence of the statute—where personal service is proper, and in fact necessary, to allow the plaintiff all of the relief requested by him in his petition and where that type of service is diligently pursued and finally and in due time completed.

Accordingly, the respondent judge of the District Court of Tulsa County is prohibited from proceeding further in the action pending before him bearing that court's number JFD 74–517 between Sharla Roacher, Plaintiff and Eddy Lee Roacher, Defendant.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES, BARNES and SIMMS, JJ., concur.