**STAMPER, OTIS & BURRAGE, a partnership, and Michael Burrage, Petitioners,**

v.

**Honorable Ronald E. SHAFFER, Judge of the District Court of Tulsa County, Respondent.**

**No. 77292.**

Supreme Court of Oklahoma.

June 25, 1991.

---

**ORDER**

Original jurisdiction is assumed. Writ of prohibition issue prohibiting Ronald E. Shaffer, District Judge, or any other assigned judge, from proceeding further in cause No. CJ–90–2232, on the docket of the District Court, Tulsa County. Service in that cause was had on Michael Burrage at the time he was performing his official duties as president of the Oklahoma Bar Association.

*In re Integration of State Bar of Oklahoma,* 185 Okl. 505, 95 P.2d 113 (1939), established the inherent power of this court to promulgate rules to create, control, regulate and integrate the bar of the state. That opinion established rules relative thereto which reads in part:

> In the public interest, and for the advancement of the administration of justice, there is hereby created an association of the members of the bar of the State of Oklahoma.

Those court-established rules also provide for an annual meeting of the Association.

■ Under current rules, the Oklahoma Bar Association is an official arm of this court, when acting for and on behalf of this Court in the performance of its governmental powers and functions. At time of

service upon him, petitioner Burrage was performing his required duties at the annual meeting of an official arm of this court. That was in the public interest, for the administration of justice according to law and to aid this court in carrying on the administration of justice. Petitioner Burrage, and his law firm, are extended, in the present district court case, the same immunity found and determined in *Ada Dairy Products Co. v. Superior Court*, 258 P.2d 939 (Okl.1953).

HODGES, V.C.J., and DOOLIN, HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, C.J., and LAVENDER, SIMMS and KAUGER, JJ., dissent.

SIMMS, Justice, dissenting:

I must respectfully dissent. In *State ex rel. Medlin v. Ferris*, 405 P.2d 156 (Okl. 1965), this Court examined a number of decisions wherein exemption from service of summons was granted, and after review of those decisions, we held:

> "The common factor in all of these cases is that the attendance of the persons was at or connected with a trial or hearing of a judicial or quasi-judicial nature.... It is also apparent that the person's attendance at the trial, hearing or proceeding, was connected with the determination of the issues therein."

Attendance by an officer of the Oklahoma Bar Association at the Annual Association Convention does not fall within the rubric of a judicial or quasi-judicial function, a hearing of a judicial nature, or a trial, which would clothe the officer with the cloak of immunity from service of summons.

I am authorized to state that Chief Justice OPALA, Justice LAVENDER, and Justice KAUGER join with me in the views expressed herein.