Dear Director Langley,
¶ 0 This office has received your request for an official Opinion of the Attorney General in which you asked:
Is the Oklahoma Bar Association a proper entity to receiveOklahoma State Bureau of Investigation investigative reports andinvestigative information?
¶ 1 Your question relates to statutory limitations on the persons who may request investigations by the Oklahoma State Bureau of Investigation (the "OSBI" or the "Bureau") or receive copies of the investigative reports made by the OSBI. Title 74O.S.Supp. 1995, § 150.5[74-150.5], provides that only specified persons or governmental entities may request an investigation by the OSBI. These essentially include:
1. The Governor;
2. The Attorney General;
 3. The Council on Judicial Complaints upon a majority vote of the Council;
 4. The Chairman of any Legislative Investigating Committee which has been granted subpoena powers by resolution, upon a majority vote of the Committee;
 5. The Chairman of any Senate Committee upon specific grounds related to persons nominated for a seat on the Oklahoma Horse Racing Commission, with the consent of the person nominated; or
 6. The State Treasurer related to persons subject to investigation pursuant to subsection I of Section 71.1 of Title 62 of the Oklahoma Statutes, with the consent of the person subject to investigation.
¶ 2 Once an investigation has been undertaken, additional provisions of the statutes limit the persons who may have access to the investigative reports:
 All records relating to any investigation being conducted by the Bureau shall be confidential and shall not be open to the public or to the Commission except as provided in Section 150.4 of this title; provided, however, officers and agents of the Bureau may disclose, at the discretion of the Director, such investigative information to officers and agents of federal, state, county, or municipal law enforcement agencies and to district attorneys, in furtherance of criminal investigations within their respective jurisdictions. Any unauthorized disclosure of any information contained in the confidential files of the Bureau shall be a misdemeanor. The person or entity authorized to initiate investigations in this section shall receive a report of the results of the requested investigation. The person or entity requesting the investigation may give that information only to the appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report, and shall not reveal or give such information to any other person or agency. Violation hereof shall be deemed willful neglect of duty and shall be grounds for removal from office.
74 O.S.Supp. 1995, § 150.5[74-150.5](D) (emphasis added).
¶ 3 In order to answer your question, basic rules of statutory construction must be applied. "The primary goal of statutory construction is to determine [the] legislative intent" of a statute "in light of its general purpose and object." TXOProduction Corp. v. Oklahoma Corporation Commission,829 P.2d 964, 968-9 (Okla. 1992). Words in a statute must be understood in their ordinary meaning, except when a contrary intent plainly appears or when otherwise defined by the Legislature. 25 O.S.1991, § 1[25-1]. Intent must be ascertained from the entire act in light of its purpose. Midwest City v. Harris, 561 P.2d 1357,1358 (Okla. 1977). Interpretation must be done in such a way as to make "every word and sentence operative" rather than render statutory provisions nugatory. TWA v. McKinley, 749 P.2d 108,110 (Okla. 1988).
¶ 4 As noted above, Section 150.5(D) creates three separate circumstances by which persons may receive OSBI investigative reports or investigative information:
 1. The Director has discretionary authority to provide investigative information to law enforcement agencies and district attorneys in furtherance of criminal investigations.
¶ 5 As to this circumstance, the Legislature's intent is clear. The Legislature has specifically stated that investigative information may be provided by the OSBI to law enforcement agencies in furtherance of criminal investigations. The Oklahoma Bar Association ("OBA") conducts licensure investigations and advisory hearings of an administrative nature as an official arm of the judicial branch of the government of Oklahoma when performing governmental functions. Stamper, Otis Burrage v. Shaffer, 813 P.2d 1043 (Okla. 1991). The OBA does not conduct criminal investigations. Therefore, the OSBI is prohibited from providing a copy of an investigative report or investigative information to the OBA pursuant to the first circumstance of Section 150.5(D).
 2. The person or entity authorized to initiate investigations is entitled to receive a report of the results of the requested investigation.
¶ 6 The Legislature's intent in this circumstance is equally clear. The OBA is not listed among the persons or entities set forth in Section 150.5 authorized to request an OSBI investigation and so is not thereby authorized to receive a copy of the investigative report by this circumstance.
 3. The person or entity requesting the investigation may give that information to an appropriate prosecutorial officer or agency having statutory authority in the matter if that action appears proper from the information contained in the report.
¶ 7 In this circumstance, the Legislature expressed its intent that the requestor of an investigation may provide an investigative report or investigative information to "only to the appropriate prosecutorial officer or agency having statutory authority in the matter." Thus, we must determine if the OBA falls within the statutory provision of Section 150.5.
¶ 8 The OBA is an agency by reason of its status as an official arm of the Supreme Court. Stamper, Otis Burrage,813 P.2d at 1043, 1044. "Prosecute" is not defined by the Legislature and so its ordinary meaning, which includes both criminal and civil aspects, is properly used. See Black's Law Dictionary 1385 (4th ed. 1968). Further, Webster's Dictionary defines prosecute as:
 [T]o institute legal proceedings against; esp: to accuse of some crime or breach of law or to pursue for redress or punishment of a crime or violation of law in due legal form before a legal tribunal. . . .
Webster's Third New International Dictionary 1820 (1981).
¶ 9 The OBA, as an arm of the Supreme Court, performs disciplinary actions against attorneys in this State licensed by the Supreme Court. We conclude that the OBA is a prosecutorial agency[1] with statutory authority in matters related to the performance of its governmental functions. There may well arise occasions when information contained in an OSBI report justifies providing the report or information to the OBA. However, whether a particular report may be provided is a question of fact for which this office cannot provide an opinion.74 O.S.Supp. 1995, § 18b[74-18b](A)(5).
¶ 10 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Oklahoma Bar Association may be an appropriate agency toreceive Oklahoma State Bureau of Investigation investigativereports. 74 O.S.Supp. 1995, § 150.5[74-150.5]. However, the report maybe provided to the OBA only by the person or entity whichinitially requested the investigation and only when that actionappears proper from the information contained in the report.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] We need not decide whether a non-prosecutorial agency having statutory authority in a matter may receive an OSBI investigative report or investigative information inasmuch as we have determined the OBA is a prosecutorial agency with statutory authority in matters related to its function.